**CLARK EQUIPMENT COMPANY, Plaintiff-Appellee,**

v.

**INTERNATIONAL UNION, ALLIED INDUSTRIAL WORKERS OF AMERICA, AFL–CIO, International Union, Allied Industrial Workers of America, Local Union No. 939, and All Local 939 Members and Former Members Having Seniority Status With Clark Equipment Company as of October 6, 1982, Defendants-Appellees,**

**James Patrick Jones, et al., Intervenors-Appellants, (85–5305)**

**Hyslop Intervenors, Intervenors Non-Party Appellants (85–5339).**

**Nos. 85–5305, 85–5339.**

United States Court of Appeals, Sixth Circuit.

Argued July 28, 1986.

Sept. 2, 1986.

Rehearing and Rehearing En Banc Denied Nov. 12, 1986.

Paul H. Tobias (Lead, argued), Tobias and Kraus, Cincinnati, Ohio, for James Patrick Jones et al.

Charles C. Jackson (argued), Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Ellen E. McLaughlin, James A. Burns, Jr., for Clark.

Joseph J. Vogan (argued) Varnum, Riddering, Schmidt & Howlett, Grand Rapids, Mich., for Hyslop intervenors.

Matthew R. Robbins (argued), Goldberg, Previant, Uelmen, Gratz, Miller & Brueggeman, S.C. Milwaukee, Wis., for Allied.

Before KEITH and MARTIN, Circuit Judges, and WEBER *, District Judge.

PER CURIAM:

Intervenor-Appellants, Hyslop and James P. Jones, appeal the district court's judgment certifying the defendant International Union as a class and approving the settlement agreement entered into by plaintiff, Clark Equipment Company (Company), and defendants in this labor relations action. The primary issue on appeal is whether the district court abused its discretion in approving the settlement agreement. We find there was no abuse of discretion and accordingly affirm the decision below.

This suit arose from Clark Equipment Company's decision to move certain operations from its unionized Battle Creek, Michigan plant to its non-union Georgetown, Kentucky plant. This consolidation of the truck manufacturing company was for economic reasons. A grievance was filed against the company by the union alleging its consolidation plan violated a 1980 Collective Bargaining Agreement (CBA). The grievance was settled by arbitrator Nathan Lipson. Lipson concluded that the Company had violated the CBA by "denying transfer rights to employees laid off prior to October 6, 1982" and by failing to recognize seniority at Battle Creek for seniority purposes at Georgetown. The arbitrator issued an award which was relatively pro-union in regards to "transfer rights" and seniority rights for the Battle Creek, Michigan employees transferring to the Georgetown plant. In June 1984, the Company brought suit in the Eastern District of Kentucky, seeking to have the arbitrator's award vacated on the grounds the award was contrary to language in the CBA, and violated Federal Labor Law:[1] The union moved to dismiss, but while that motion was pending, the Company and the union entered into a settlement agreement. The union held a ratification election at the Battle Creek plant; the settlement was ratified.

On December 19, 1984, the Company amended its complaint to name 1,280 em-

---

* Honorable Herman J. Weber, United States District Court for the Southern District of Ohio, sitting by designation.

1. Specifically, Section 9.162 of the CBA allowed seniority for transferring employees for "regularly employed" employees. The arbitrator found that employees laid off before October 6, 1982, were to be considered "regularly employed". The Company thought this language didn't "draw its essence" from the CBA, and was erroneous. Moreover, the award allegedly violated Federal Labor Law, Sections 8(a)(3) and (b)(2), by discriminating against the non-union Georgetown employees by precluding their right to protect their seniority status.

ployees as defendants, and requested that the case become a class action with the union as representative. On December 21, 1985, the class was certified pursuant to Fed.R.Civ.P. 23(b)(2). In early 1985, the district court approved the settlement. Intervenors Hyslop and Jones appeal, requesting the vacating of the settlement and reinstatement of the arbitration award. They also request a reversal of class certification, arguing that subclassing would be more appropriate due to conflicts within the class.

■ The central question presented is whether the district court abused its discretion in accepting the class action settlement. This court, in *Laskey v. UAW*, 638 F.2d 954 (6th Cir.1981) held that "The acceptance of a settlement in a class action suit is discretionary with the court and will be overturned only by a showing of abuse of discretion. Accepting a settlement over the objections of the named representatives is not necessarily an abuse of discretion." Similarly, we find persuasive the Ninth Circuit's review of settlements in *Officers For Justice v. Civil Service Commission, etc.*, 688 F.2d 615 (9th Cir.1982). In *Officers For Justice*, the court held that a district court's role in evaluating a private consensual agreement "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Id.* at 625.

There is no evidence that the present settlement agreement was the product of fraud or collusion between the parties. Intervenors' assertion that the arbitration award was more equitable than the settlement agreement is not a grounds for scuttling an agreement in which both parties, represented by counsel, negotiated a settlement in which certain rights (i.e. transfer rights) were "traded off" for a large monetary award. Thus, absent fraud or collusion and evidence that the settlement on a whole was not fair, reasonable and ade-

quate, this court does not second guess such a settlement.

Intervenors raise a number of collateral issues. They contend that since arbitration awards are rarely overturned, and since the NLRB refused to issue an unfair labor complaint, thereby implicitly approving the arbitration award, indicates that the settlement agreement was improper. Although it is axiomatic that arbitration awards are rarely overturned upon judicial review, we fail to see how this precept undercuts the equally strong policy favoring settlement agreements. Moreover, a refusal by the NLRB to issue an unfair labor practice complaint is "[A]dministrative only, neither formally adversarial nor like a trial. As such it has no collateral estoppel effect." *Emery Air Freight Corp. v. Local Union 295*, 786 F.2d 93,100 (2d Cir.1986) (quoting *International Union of Electrical, Radio and Machine Workers v. General Electric Company*, 407 F.2d 253, 264 (2nd Cir. 1968)).

■ Intervenors' allegation that the union had no standing to represent the class is meritless. Unions have standing to represent a class, even if the union itself alleges no specific injury. *International Woodworkers v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259 (4th Cir.1981). The fact that the union represented non-union employees (i.e. the Jones class) does not mandate a different result. This group could have brought an independent action, but instead let union counsel represent them. Intervenors' argument for subclassing, due to conflicts within the class, is rejected because such a procedure should be left to the trial court's discretion. Subclassing under Fed.R.Civ.P. 23(c)(4) is appropriate only when the court believes it will materially improve the litigation. *Mendoza v. United States*, 623 F.2d 1338 (9th Cir.1980). The fact that subclassing often leads to more complex and protracted litigation, in conjunction with the company's precarious financial condition, was ample reason for the rejection of subclassing in the instant case.

Finally, we must reject intervenors' contention that class certification after the settlement was inappropriate. A tentative settlement can precede or be concurrent with class certification. *Weinberg v. Lear Fan Corporation,* 627 F.Supp. 719 (S.D.N.Y.1986).

Accordingly, the judgment below is affirmed.