82 F.3d 417
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Waino AKKALA, et al. (Certified Class); Plaintiffs-Appellees,
Daniel Kalisch, (Member of Class of Waino Akkala, et al.),
Plaintiff-Appellant,
v.
LAKE SHORE, INC., a Michigan corporation, Defendant-Appellee.
 No. 95-1400.
 United States Court of Appeals, Sixth Circuit.
 April 9, 1996.
 
 1
 Before: KENNEDY and MOORE, Circuit Judges, and WELLS, District Judge.*
 
 ORDER
 
 2
 Daniel Kalisch, a pro se Michigan citizen, appeals a district court judgment approving the settlement agreement entered into by the plaintiffs (140 former employees of Lake Shore, Inc.), and the defendant (Lake Shore) in this labor relations action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 According to the complaint, the plaintiffs are beneficiaries of collective-bargaining agreements entered into between Lake Shore and the United Steelworkers of America, AFL-CIO-CLC and its Local Unions 3111 and 3168. The latest such agreement, relative to the allegations in this action, was dated May 1, 1987.
 
 
 4
 The plaintiffs maintained that the agreements required Lake Shore to afford certain health and life insurance benefits to them, their spouses, and their dependent children during the plaintiffs' lifetimes at no cost to the plaintiffs or their families. The plaintiffs' five count complaint alleged a breach of the terms of the collective bargaining agreements and stated causes of action based upon § 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(a)(1)(B) and (a)(3), as well as § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (LMRA). The plaintiffs further maintained that Lake Shore is estopped under the doctrine of promissory estoppel from reducing or eliminating their insurance benefits.
 
 
 5
 The complaint demanded a variety of forms of relief including, among others, a declaratory judgment, specific performance, a preliminary injunction requiring compliance with the terms of the agreements and immediate reinstatement of insurance coverage, damages for past economic and non-economic injuries, and a one-time lump sum advance payment equal to the present value of the total lifetime obligation of the defendant.
 
 
 6
 In November 1993, both the plaintiffs and Lake Shore each filed a motion for summary judgment. The court refrained from issuing its ruling due to the parties' settlement negotiations.
 
 
 7
 On January 26, 1995, the district court certified the plaintiffs as a class. The district court also approved the form of the notice of the proposed class action settlement along with the notice of a March 1, 1995, fairness hearing. Notice of the proposed class action settlement and hearing to be held to approve the proposed settlement was mailed to each class member on February 1, 1995. Three of the 140 class members, including Kalisch, filed timely objections to the proposed settlement agreement.
 
 
 8
 On March 1, 1995, the district court considered the objections at the hearing to approve the proposed settlement. The district court approved the parties' settlement agreement and entered judgment dismissing the case with prejudice. This appeal followed.
 
 
 9
 Under Fed.R.Civ.P. 23(e), a class action settlement agreement requires district court approval. The district court reviews the decree under a "universally applied standard" to determine whether the settlement is "fundamentally fair, adequate and reasonable." Officers for Justice v. Civil Serv. Comm'n of the City and County of San Francisco, 688 F.2d 615, 625 (9th Cir.1982), cert. denied, 459 U.S. 1217 (1983).
 
 
 10
 The approval of a settlement agreement is reviewed under an abuse of discretion standard. Clark Equipment Co. v. International Union, Allied Indus. Workers of America, 803 F.2d 878, 880 (6th Cir.1986) (per curiam), cert. denied, 480 U.S. 934 (1987). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. United States v. Winston, 37 F.3d 235, 239 (6th Cir.1994).
 
 
 11
 In deciding whether a consent decree is fair, adequate and reasonable, the district court must balance several factors, including but not limited to: the likelihood of success on the merits, the risk associated with the expense and complexity of litigation, and the objections raised by class members. Granada Inv., Inc. v. DWG Corp., 962 F.2d 1203, 1205 (6th Cir.1992); Officers for Justice, 688 F.2d at 625. A district court need not withhold approval of a settlement merely because some class members object to its terms. Bronson v. Board of Educ., 604 F.Supp. 68, 73 (S.D.Ohio 1984).
 
 
 12
 Upon review, we conclude that nothing in the record indicates any abuse of discretion by the district court in approving the settlement agreement. The gist of Kalisch's argument in opposition to the settlement agreement is that because he is receiving disability payments in the form of worker's compensation, he is not a retiree and therefore should not have been included in the class. As pointed out by the district court, however, Kalisch's argument is inconsistent with the representations he made in the complaint, and by his own actions in accepting retiree benefits under the union-negotiated benefit plan. Kalisch has offered no other arguments suggesting that the district court abused its discretion in approving the settlement agreement. He has not demonstrated any efforts he made to exclude himself from the class. Nor has he demonstrated the likelihood of success on the merits. Thus, we conclude that the district court did not abuse its discretion in approving the settlement agreement.
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation